Borenstein, J.
INTRODUCTION
Plaintiff is a disgruntled resident of Woburn who has run up against what he believes to be “dirty” local politics. He has taken aim at alleged abuses concerning the City’s Licensing Commission. In particular, plaintiff decries the fact that three members of the Commission are “holdovers,” their terms having expired five and six years ago. In addition, plaintiff seeks to compel the Commission and/or the City Council to adopt a conflict of interest policy. Plaintiff now asks the Court to invoke the remedy of mandamus in support of his efforts. For reasons set forth below, plaintiffs request is denied.
DISCUSSION
Plaintiff asks the Court to order and compel, by mandamus, the following:
(1)that the Mayor have all “holdover” members of the Licensing Commission confirmed by the City Council;
(2) that the City Council amend the City’s bylaws pertaining to the Licensing Commission by adding a provision to allow alternative members to replace license commissioners who have a conflict of interest with regard to a license application;
(3) that commissioner Patricia Galante be removed from all further proceedings and discussions concerning issuance of the “last” package store license in Woburn because of an apparent conflict of interest.
The Court will address each petition in turn, mindful of the fact that mandamus is an extraordinary remedy and “may be granted only to prevent failure of justice in instances where there is no alternative remedy.” Callahan v. Superior Court, 410 Mass. 1001 (1991)(rescript).
With regard to plaintiffs first request, the general rule is that mandamus shall not be used to compel a public official to perform a discretionary act. Lutheran Service Ass’n of New England, Inc. v. Metropolitan Dist. Comm’n, 397 Mass. 341, 344 (1987). Here, the duty to appoint or reappoint “holdover” members of the Licensing Commission has been left to the discretion of the Mayor pursuant to G.L.c. 138, §§4 and 5. As such, the Court will not invoke the extraordinary remedy of mandamus in this instance.
As for plaintiffs second request, the Court is simply without the authority to act. Any amendment to Woburn’s by-laws must come about by a voluntary act of the City Council or by an act of the Legislature in amending c. 138. Both of those entities are members of the legislative branch, therefore this Court is not permitted, nor inclined, to usurp their legislative function.
Finally, the relief sought by plaintiff in his third petition for mandamus may not be obtained from this Court. Plaintiff, in effect, is asking the Court to intervene to prevent a potential conflict of interest. However, this Court is not in the business of resolving potential conflicts. Should an actual conflict arise, plaintiff should pursue his remedies before the Commission.
In sum, although plaintiff may be justifiably put out by the inaction of the Mayor and other members of Woburn government, this Court is not the proper forum for his grievances.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs three requests for mandamus are DENIED. The action is therefore DISMISSED.